**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-1640-17T1

U.S. BANK NATIONAL
ASSOCIATION,

     Plaintiff-Respondent,

v.

ADAM LIEBERMAN,

     Defendant-Appellant,

and

GENESE LIEBERMAN and
UNITED STATES OF AMERICA,

     Defendants.

_____

        Submitted November 14, 2018 – Decided February 20, 2019

        Before Judges Rothstadt and Natali.

        On appeal from Superior Court of New Jersey, Chancery Division, Ocean County, Docket No. F-021976-16.

        Adam Lieberman, appellant pro se.

Phelan Hallinan Diamond & Jones, PC, attorneys for respondent (Brian J. Yoder, on the brief).

PER CURIAM

In this residential mortgage foreclosure matter, defendant Adam Lieberman appeals from the final judgment of foreclosure entered on October 31, 2017 after Judge Francis Hodgson, Jr. earlier granted summary judgment to plaintiff, U.S. Bank National Association, and struck defendant's answer. Defendant also challenges the judge's May 26, 2017 summary judgment order and the denial of his cross-motion for dismissal, as well as the judge's October 27, 2017 order fixing the amount due to plaintiff.

In his opposition to plaintiff's summary judgment motion, defendant asserted challenges to plaintiff's standing and further claimed plaintiff violated the New Jersey Fair Foreclosure Act (FFA), N.J.S.A. 2A:50-53 to 2A:50-68. On May 31, 2017, Judge Hodgson placed on the record his detailed findings of fact and conclusions of law addressing each of defendant's contentions. When he issued his later order fixing the amount due, Judge Hodgson also issued a written decision explaining his findings.

On appeal, defendant contends that Judge Hodgson abused his discretion by (a) concluding plaintiff's proofs were "sufficient to grant [s]ummary [j]udgment"; (b) finding that plaintiff had standing to file the complaint; (c)

2

concluding plaintiff complied with the FFA; and (d) "concluding plaintiff demonstrated with evidence the amount due is accurate."

We review a court's grant of summary judgment de novo, applying the same standard as the trial court. Conley v. Guerrero, 228 N.J. 339, 346 (2017). Summary judgment must be granted if "the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact challenged and that the moving party is entitled to a judgment or order as a matter of law." Templo Fuente De Vida Corp. v. Nat'l Union Fire Ins. Co. of Pittsburgh, 224 N.J. 189, 199 (2016) (quoting R. 4:46-2(c)).

We have considered defendant's contentions in light of our de novo review of the record and applicable legal principles and conclude that they are without sufficient merit to warrant discussion in a written opinion. R. 2:11-3(e)(1)(E). We are satisfied that Judge Hodgson's factual findings concerning all of defendant's contentions are fully supported by the record and, in light of those facts, his legal conclusions are unassailable. We therefore affirm the final judgment of foreclosure and each of the orders under review substantially for the reasons expressed by the judge in his thorough oral and written decisions.

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-1640-17T1